UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| WARREN F. NELSON, | No. 0:20-cv-01321-JRT-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| ALDI INC. (Minnesota), *d/b/a Aldi Store #67;* et al.; | |
| Defendants. | |

---

This matter is before the Court on the July 30, 2020 letter from counsel for Aldi, Inc. [ECF 21.] The Court entered an Order staying this case for a period of 45 days on July 13th. The Court entered the stay to allow the coordinator for the Federal Bar Association's *Pro Se Project* an opportunity to connect a volunteer attorney with Mr. Nelson for a consultation regarding his case. It remains to be seen whether that consultation will occur within the 45-day period, and if it does, what impact the consultation may have on the litigation. The Court wishes to avoid creating unnecessary expense for the parties during the stay, but also to avoid unnecessary delays. And the Court appreciates counsel's thoughtful inquiry about the implications of the stay.

The letter seeks clarification regarding three issues. First, defense counsel asks whether Aldi is bound by a 30-day deadline to return a Notice of Lawsuit and Request to Waiver Service of Summons that was issued to Aldi after the Court entered the stay. [ECF 18.] The notice provides that Aldi must sign and return the waiver within 30 days to avoid incurring expense for service by the U.S. Marshals Service. Consistent with the observations above regarding the stay, the Court finds that the July 13th Order does not extend Aldi's deadline to sign and return the service waiver. The Court notes that Aldi has already filed an Answer, and in it, Aldi has

asserted that process and service of process are insufficient. [ECF 4 ¶¶ 21–22.] Although Aldi is entitled to contest service issues, Aldi already has actual notice of this lawsuit. Further, the Court has found that Mr. Nelson qualifies for IFP status and service will be achieved either through Aldi's execution of the waiver or through the US Marshal. The Court sees no reason that Aldi's choice to return the waiver (or not) should be delayed as a result of the stay under these circumstances. Extending that deadline would further delay resolution of any issues regarding service of Mr. Nelson's Complaint, which would not help secure the just, speedy, and inexpensive resolution of this action.

Second, counsel asks whether the stay prevents him from effecting service of Aldi's third-party complaint against JBM Patrol & Protection. [ECF 15.] The Court finds that the 45-day stay does not prevent Aldi from serving its third-party complaint. Permitting service of the third-party complaint now, so that all parties are properly joined in an expeditious manner, will help avoid unnecessary delays.

Finally, defense counsel asks whether he must file a response to Mr. Nelson's motion to deny Aldi's demand for a jury trial while the stay is in effect. [Pl.'s Mot., ECF 12.] To avoid incurring unnecessary expense during the stay, the Court finds that Aldi need not respond to Mr. Nelson's motion until seven days after the expiration of the 45-day period encompassed by the stay.

**IT IS SO ORDERED**.

Date: July 31, 2020

                                                      s/Katherine Menendez
                                                      Katherine Menendez
                                                      United States Magistrate Judge