UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WARREN F. NELSON, | No. 0:20-cv-01321-JRT-KMM |
| Plaintiff, | |
| v. | ORDER |
| ALDI INC. (Minnesota), *d/b/a Aldi Store #67;* et al.; | |
| Defendants. | |

This matter is before the Court under its case-management responsibilities, to address certain motions filed by the parties, and in consideration of the September 15, 2020 letter filed by counsel for Aldi, Inc. [ECF No. 42.]

### *Stay of the Proceedings*

First, the Court finds that this case should no longer be stayed and that litigation should move forward without additional delay. Mr. Nelson originally requested that the litigation be stayed and that he be referred to the Federal Bar Association's *Pro Se Project* in a letter dated July 8, 2020. ECF No. 13. On July 13, 2020, the Court granted Mr. Nelson's request and stayed the matter so that Mr. Nelson would have an opportunity to consult with a volunteer attorney regarding his case. That 45-day period expired on August 27, 2020. As of the date of this Order, it appears that the *Pro Se Project* has been unable to arrange a consultation between Mr. Nelson and a volunteer attorney. While those efforts may be ongoing, the Court is not convinced that the litigation should remain stayed while that process plays out. Most notably, the Court finds a continuation of the stay is unwarranted in light of the recent motion practice engaged in by Mr. Nelson, indicating a desire for the litigation to move forward.

*Motion to Deny Demand for Jury Trial*

Second, this matter is before the Court on Mr. Nelson's motion to deny Aldi's demand for a jury trial. ECF No. 12. Mr. Nelson argues that Aldi's demand for a jury trial should be rejected because he checked "No" in the relevant section of the Civil Cover Sheet when he filed his complaint. *Id.* In its answer to Mr. Nelson's complaint, Aldi stated that it "demands a trial by jury in this action." ECF No. 4 ¶ 28. Thus, Aldi included a written demand in its responsive pleading as permitted by Federal Rule of Civil Procedure 38. Fed. R. Civ. P. 38(b)(1) (providing that a party may demand a jury trial by serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served). Because Aldi properly demanded a trial by jury, Mr. Nelson's motion, **ECF No. 12**, is **DENIED**.

*Plaintiff's Pending Motions*

Third, in his September 15th letter, Aldi's counsel notes that Mr. Nelson has filed: (1) a Motion for Temporary Emergency Restraining Order (ECF Nos. 30, 36); (2) a Motion to Sever, or in the Alternative Try Separately, Aldi Inc.'s Third-Party Claims (ECF Nos. 34, 38); and (3) a Motion for Sanctions Against Aldi for Abuse of Process (ECF No. 40). Def's Sept. 15, 2020 Letter, ECF No. 42. Aldi states that it opposes all three of these motions and asserts that the motions are procedurally deficient for failure to comply with various provisions of Local Rule 7.1. However, Aldi's counsel states that he is unsure whether a response to these motions is necessary given that Mr. Nelson has not followed the procedures established by the Local Rules. *Id.* at 1. Aldi's counsel also indicates that it is unclear whether a response is required to the

supplemental pleading submitted by Mr. Nelson on August 31, 2020 and September 1, 2020. ECF Nos. 31, 37.[1]

The Court finds that a response to Mr. Nelson's motions is appropriate under the circumstances. Although Aldi may wish to avoid the expense of responding to motions that are not filed in compliance with the applicable Local Rules, the Court notes that Mr. Nelson is litigating this case pro se. The Court is willing to show some degree of leniency with respect to Mr. Nelson's filings,[2] and given the relief requested in the motions for a temporary restraining order, for separate trials, and for sanctions, the Court believes that Aldi should be heard regarding the merits of the requests Mr. Nelson has made. Accordingly, the Court establishes a consolidated briefing schedule below for the motions referenced in Aldi's September 15th letter.

However, the Court does not require a response to the Supplemental Pleading to the Original Complaint filed by Mr. Nelson on August 31st and September 1st. These submissions concern events that occurred at an Aldi store after the original complaint was filed. Under Rule 15(d), a court may allow a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." However, the Rule requires a request to serve a supplemental pleading to be made by motion. Fed. R. Civ.

---

[1]   The documents at docket entries 31 and 37 appear to be identical versions of the same pleading. However, docket entry 31 was marked as filed in error and Mr. Nelson refiled it the following day.

[2]   Although the Court is lenient with pro se litigants, Mr. Nelson is cautioned that he must review the Local Rules, and particularly Local Rule 7.1 regarding civil motion practice. This Local Rule imposes specific constraints on how motions should be filed, and Mr. Nelson has received permission to file matters electronically in this case. Mr. Nelson is expected to make sincere efforts to comply with the Local Rule, and especially the requirement that he must seek to meet and confer with opposing counsel regarding the subject of a motion prior to filing the motion and seeking relief from the Court. Failure to adhere to that requirement in the future may result in the Court denying the relief requested on procedural grounds.

P. 15(d). Mr. Nelson never filed a motion to request leave to file and serve a supplemental pleading. Accordingly, the Court finds that Mr. Nelson's submission of supplemental pleadings was not proper under the Federal Rules of Civil Procedure and will not consider the matters asserted therein to be a part of these proceedings.

Based on the discussion above, **IT IS HEREBY ORDERED THAT:**

1. The stay of these proceedings is **LIFTED**;

2. Plaintiff's Motion to Deny Aldi's Demand for a Jury Trial, **ECF No. 12**, is **DENIED**;

3. Aldi shall file a consolidated response to the following motions **on or before October 5, 2020**:

    a. Plaintiff's Motion for Temporary Emergency Restraining Order (ECF Nos. 30, 36);

    b. Plaintiff's Motion to Sever, or in the Alternative Try Separately, Aldi Inc.'s Third-Party Claims (ECF Nos. 34, 38); and

    c. Motion for Sanctions Against Aldi for Abuse of Process (ECF No. 40).

    Mr. Nelson shall file a consolidated reply brief regarding these motions **on or before October 26, 2020**. Upon receipt of the reply brief, the Court will issue a ruling on these motions based on the written submissions alone unless the Court determines that a hearing is necessary. If the Court determines that a hearing is necessary, it will so advise the parties.

4. The supplemental pleadings filed at docket entries 31 and 37 have no legal effect and the allegations contained therein are not considered a part of these proceedings.

Date: September 16, 2020

                                                               *s/Katherine Menendez*
                                                               Katherine Menendez

United States Magistrate Judge